"A"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY R. SMITH,<br>    Plaintiff<br><br>v.<br><br>R. K. SWANSEA, LLC.,<br>    Defendant | CASE NO.: 07-cv-11600-JLT |

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between the plaintiff, Jeffrey R. Smith, (referred to hereinafter as the "plaintiff"), and the defendant, R. K. Swansea, LLC (referred to hereinafter as the "defendant") and ordered by the Court as follows:

WITNESSETH:

WHEREAS, the parties to this Consent Decree are Jeffrey R. Smith of East Wareham, MA and R. K Swansea, LLC., of Dedham, MA.

WHEREAS, the plaintiff filed this action against the defendant for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., pursuant to which the plaintiff sought a permanent mandatory injunction, damages and attorneys' and expert's fees, expenses and costs;

WHEREAS, the property owned and operated by the defendant is a place of public accommodation as defined in the ADA at 42 U.S.C. § 12181(7) and in the ADA's implementing regulation at 28 C.F.R. § 36.104.

WHEREAS, Title III of the ADA requires places of public accommodation in existence on January 26, 1992, to remove architectural barriers to access where such

removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense. 42 U.S.C. §12182 (b) (2) (A) (IV), and 28 C.F.R. § 36.304. Title III requires that additions or alterations made to places of public accommodation after January 26, 1992, be readily accessible to and usable by people with disabilities to the maximum extent feasible in accordance with the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), 42 U.S.C. 12183 (a) (2) and 28 C.F.R. §§36.402 and 36.406;

WHEREAS, the parties have agreed to a settlement of this action;

WHEREAS, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

WHEREAS, the pending litigation involves claims contested by the defendant, and defenses contested by the plaintiff; and

WHEREAS, the parties now desire permanently and fully to settle, resolve and conclude the litigation and all disputes, claims and defenses which were or could have been included in the litigation without the burdens and expenses of further litigation and trial;

WHEREAS, the parties have conferred in good faith and agree that the pending litigation should be settled without the need for trial; and

WHEREAS, the defendant specifically denies the plaintiff's allegations in this action and the parties acknowledge and agree that this Consent Decree is not intended to be, and shall not be construed or represented to be, evidence of, or an admission of wrongdoing or liability, of any kind, on the part of the defendant on any claim in the litigation.

NOW THEREFORE, in consideration of the promises hereinbefore set forth, and the mutual and reciprocal covenants and agreements herein provided, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, it is AGREED by the parties and ORDERED by the Court as follows:

1. The defendant hereby represents to the plaintiff that it has made the alterations or improvements specified below or that the defendant shall cause within the time periods established herein, the following alterations and improvements to be made to the property that is the subject of this action, commonly known as RK Swansea Place (referred to hereinafter as the "facility" or the "property").

2. If the defendant has not already made the alterations or improvements specified below, it shall complete all such alterations or improvements (except where otherwise specified) within six (6) months of the entry of this Consent Decree as an order of the Court or such other time periods described herein.

A. **ACCESSIBLE ROUTE**

1. At least one accessible route shall connect accessible buildings, accessible facilities, and spaces that are on the same site. The accessible route shall have a minimum clear width of 36 inches and be "the shortest accessible route of travel from adjacent parking to an accessible entrance" as required by Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (hereinafter "ADAAG") 4.3.2.

B. **PARKING**

1. The defendant shall conform its accessible parking spaces to 8 foot width and 5 foot access aisle requirements. Access aisles will be clear of any elevation changes, including ramps and have no slope in excess of 2 degrees in any direction. The defendant will

repaint and restripe when necessary, so that accessible parking spaces are clearly distinguishable as a parking space for people with disabilities. Defendant agrees to install accessible parking spaces that have a sign that is visible and bear the international symbol of accessibility as outlined in ADAAG 4.6.1-4.6.3. The defendant will install wheelchair accessible spaces, at least one of which shall be shall be "van accessible" as required by ADAAG 4.6.4. The van accessible space shall be served by an access aisle 96 inches wide minimum as per ADAAG 4.1.2(5) (b). The accessible spaces shall include an access aisle at least 60 inches wide and 20 feet long adjacent and parallel to the vehicle pull-up space as per ADAAG 4.6.6. and have Van Accessible sign pursuant to ADAAG 4.6.4.

### C. CURB CUTS

1. The defendant agrees to reconfigure curb ramps so that all slopes at the premises do not exceed a ratio of 1:12 and ensure that all ramp widths meet the 60 inch width access aisle requirements. ADAAG 4.7.

### D. DOOR HARDWARE

1. The defendant agrees to provide door handles or pulls on the tenant spaces with a shape that is easy to grasp with one hand and does not require tight grasping, pinching, or twisting of the wrist to operate. ADAAG 4.13.9. Defendant agrees to use good faith efforts to work with its tenants so that they install accessibility signage indicating each tenant's space policy and procedure regarding assistance to disabled patrons pursuant to 28 CFR 36.302.

## E. RESTROOMS

1. The defendant agrees to use best faith efforts to work with all tenants to encourage (A) the prompt conversion of all bathrooms so that they are ADA compliant; and (B) placing prominent signage in any tenant space lacking an ADA compliant bathrooms directing patrons to the nearest ADA compliant bathrooms. Defendant shall include language in all future leases at the property mandating that future tenants install ADA compliant bathrooms within their premises, provided such space is not already in compliance with the ADA. Defendant also agrees to install one (1) ADA compliant bathroom at the property on or before December 31, 2009 and one (1) additional ADA compliant bathroom at the property on or before December 31, 2011. In each case, Landlord shall install appropriate signage on the property directing patrons to the locations of these ADA compliant bathrooms.

## F NEWSBREAK CAFÉ

1. The defendant agrees to use good faith efforts to work with this tenant to persuade it to rework the main counter of this portion of the premises so that its height does not exceed 36 inches above the finished floor to top ADAAG 7.2 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

2. The defendant agrees to use good faith efforts to work with this tenant so that they rearrange the coffee dispensers and coffee cups so that their heights do not exceed the maximum reach range of 54 inches ADAAG 4.2.6 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

3. The defendant agrees to use good faith efforts to work with this tenant so that they rearrange the magazine and wall racks so that the highest magazine on display does not

exceed the maximum reach range of 54 inches ADAAG 4.2.6 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

4. The defendant agrees to use good faith efforts to work with this tenant to persuade it to provide one accessible table at Newsbreak Café the tops of which shall be from 28 inches to 34 inches above the finish floor or ground with knee spaces at least 27 inches high, 30 inches wide and 19 inches deep ADAAG 4.32.2-4.32.4 and 5.1

5. The defendant agrees to use good faith efforts to work with this tenant to persuade it to modify the interior layout so that there exists a minimum clear floor width of 36 inches along an accessible route ADAAG 4.3.3

6. The defendant agrees to use good faith efforts to work with this tenant to persuade it to implement and enforce a policy and procedure training regarding the provision of assistance to the disabled 28 CFR 36.302

### G. SEABRA SUPERMARKET

1. The defendant agrees to use good faith efforts to work with this tenant to persuade it to rework the main customer service counter so that its height does not exceed a maximum of 36 inches above the finished floor to top ADAAG 7.2 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

2. The defendant agrees to use good faith efforts to work with this tenant to persuade it to maintain a minimum of one accessible check out counter with a height not exceeding a maximum of 34 inches above the finished floor to top ADAAG 7.2

3. The defendant agrees to use good faith efforts to work with this tenant to persuade it toimplement and enforce employee policy and procedure training regarding the provision of assistance to disabled patrons  28 CFR 36.302.

4. The defendant agrees to use good faith efforts to work with this tenant to persuade it to rearrange all displays and counters so that its highest point does not exceed the maximum reach range of 54 inches ADAAG 4.2.6 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

## H. PET LOVER'S

1. The defendant agrees to use good faith efforts to work with this tenant to persuade it to rework the customer service counter so that its height does not exceed a maximum of 36 inches above the finished floor to top ADAAG 7.2 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

2. The defendant agrees to use good faith efforts to work with this tenant to persuade it to implement and enforce employee policy and procedure training regarding the provisions of assistance to disabled patrons 28 CFR 36.302 and/or provide appropriate signage indicating that assistance is available for disabled patrons.

## I. SURPLUS WAREHOUSE

1. The defendant agrees to use good faith efforts to work with this tenant to persuade it toimplement and enforce employee policy and procedure training regarding the provisions of assistance to disabled patrons 28 CFR 36.302

## J. VACANT SPACES

1. The defendant agrees that all future tenants must comply with all ADA requirements and will include language in all future leases mandating compliance with the ADA, including the placement of appropriate signage offering assistance to disabled patrons.

## K. MISCELLANEOUS SETTLEMENT TERMS

1. The parties agree that time is of the essence in all respects regarding this Consent Decree. Therefore, the defendant shall make commercially reasonable efforts to complete the alterations and modifications required under this Consent Decree within the six-month time period specified above, provided that the defendant may extend the period for additional time, if needed, with the plaintiff's assent to the additional time requested. The plaintiff shall not unreasonably withhold his assent and stipulation. Notwithstanding the foregoing, plaintiff acknowledges that the Property currently has a number of vacant tenant spaces, including the anchor tenant space of approximately 96,000 square feet. Once leased up with new tenants, the Property will undergo substantial redevelopment based on the requirements of the future anchor tenant, which redevelopment shall be in compliance with ADA requirements. Given this pending redevelopment, plaintiff agrees that defendant may defer completion of some of the measures described herein that are or will be included within the scope of such redevelopment until the time redevelopment is done in the applicable vacant spaces and that plaintiff's assent and stipulation are not required for such extension of time. Upon the request of plaintiff, defendant shall promptly provide plaintiff with updates regarding such measures.

2. The defendant shall take all necessary steps to obtain the appropriate permits from the Town of Swansea in time to complete all work required by this Consent Decree within the time periods specified above.

3. The parties agree that all alterations and modifications referenced herein shall be made to the maximum extent feasible and to the extent readily achievable.

4. The parties are unable to ascertain with specificity the value of damages that the plaintiff will incur in the event the defendant breaches the terms of this Consent Decree. Accordingly, the parties agree that in the event that the alterations and modifications required hereby are not timely completed in all respects, the plaintiff shall have the right to petition the Court to obtain injunctive relief from the Court to compel compliance with the terms of this Agreement. Additionally, in the event the plaintiff prevails in persuading the court that the modifications and alterations have not been completed within the times specified hereunder, the defendant shall pay reasonable additional attorneys' and expert's fees and costs incurred by the plaintiff subsequent to the execution and docket entry of this Consent Decree.

5. The plaintiff may review compliance with this Consent Decree at any time.

6. If the plaintiff believes that this Consent Decree or any portion of it has been violated in a material fashion, he may seek contempt sanctions in the United States District Court for the District of Massachusetts only after undertaking alternative dispute resolution in the form of mediation and/or binding arbitration.

7. A failure by the plaintiff to enforce any term of this Consent Decree shall not be construed as a waiver of his right to enforce any other portion of this Consent Decree.

8. The parties' settlement of the plaintiff's claims for attorneys' fees, and costs shall be the subject of a Separate Letter Agreement and shall remain confidential. Within ten (10) days of the entry of this Consent Decree on the Court's docket as an Order of the Court, the defendant shall pay plaintiff's counsel, Edward N. Garno, for all reasonable and agreed upon attorneys' fees, litigation expenses and costs incurred by the plaintiff in this matter. The amounts to be paid shall be established by counsel for the parties by Separate Letter Agreement. The Separate Letter Agreement shall not be disclosed to anyone other than the attorneys, financial advisors and accountants of the parties to this Consent Decree, except by express written consent of the parties to this Consent Decree or as required by law, as required to enforce the terms of this Consent Decree or pursuant to an order of any Court.

9. The parties further acknowledge, represent, covenant and warrant that this Consent Decree constitutes the entire agreement of the parties and may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiff and the defendant, which expressly refers to this Consent Decree.

10. The parties shall confirm in writing, which may be done by email or facsimile, all agreed upon extensions of deadlines for completion of work required hereunder; the Court need not endorse such extensions of time.

11. The plaintiff acknowledges, represents, covenants and warrants that he has not made any assignment of any right, claim, or cause of action covered by this release to any individual, corporation, or any other legal entity whatsoever.

12

12. In consideration of the Separate Letter Agreement referenced in Paragraph 8 and in consideration of the actions undertaken or to be undertaken by the defendant under the terms of this Consent Decree, the plaintiff, on his own behalf and on behalf of his, past, present and future employees, agents, attorneys, partners, principals, subsidiaries, affiliates, divisions, relatives, predecessors, successors, heirs, and assigns, hereby releases and forever discharges the defendant, jointly and severally, its past, present and future officers, directors, trustees, beneficiaries, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, divisions, parents, predecessors, successors, heirs and assigns, from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, in law or equity, whether known or unknown, foreseen or unforeseen, that the plaintiff has ever had, or hereafter can, shall, or may have, against the defendant, including claims under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. from the beginning of the world to the date of this Consent Decree.

13. The parties understand and agree that the release and discharge language in Paragraph 12 above does not apply to any alleged breaches of this Consent Decree.

14. The parties further acknowledge, represent, covenant and warrant that once the work outline herein is fully completed, the Consent Decree provisions of this Agreement shall forever terminate and lapse and be of no further force and effect. The plaintiff shall take all necessary steps to record with the court and/or the registry of deeds for Bristol County, any documents deemed necessary by the defendant to record the fact that all terms of the Consent Decree have been complied with and that it is of no further effect.

15. The parties stipulate and represent that they have the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

16. The effective date of this Consent Decree shall be the date of the Court's endorsement below.

17. Within five (5) days of the effective date of this Consent Decree, the parties agree to file a joint notice indicating that the matter has been settled and requesting that the matter be dismissed, with prejudice, subject to the Court's retention of jurisdiction for the sole purpose of enforcing this Consent Decree.

18. This Consent Decree may be executed by each party in separate counterparts, each of which shall be deemed an original and constitute one document; faxed or emailed signatures shall be valid and acceptable.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

19. The parties further acknowledge, represent, covenant and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiffs and the defendant, which expressly refers to this Consent Decree. The Court must endorse all substantive changes to this Consent Decree.

/s/ Jeffrey R. Smith

_____
Jeffrey R. Smith, Plaintiff
Dated:


/s/ R.K. Swansea, LLC

_____
R.K. Swansea, LLC
By its Authorized Agent and Representative
Dated:



So Ordered by the Court:

_____
District Judge, United States District Court for
The District of Massachusetts
Dated: 10/14/08

14